ROSE BASS, Appellee, v. E. SHERR et al., Appellants.

**WORK AND LABOR:** Value of Services. The value of services becomes wholly immaterial, when such services are rendered under an understanding in advance that they shall be gratuitous.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

FEBRUARY 17, 1919.

PLAINTIFF has verdict and judgment for the alleged reasonable value of labor performed in the bakery of defendants. They appeal.—*Reversed and remanded.*

*Edward E. Baron* and *Henderson, Fribourg & Hatfield,* for appellants.

SALINGER, J.—I. Defendants pleaded affirmatively that it was agreed, when the partnership business began, that the partners and their respective wives would give their time and attention to the business without compensation. The trial theory of the defendants was that, while plaintiff rendered some service, she did so under this understanding or agreement. It was that of plaintiff that there was no such agreement; that she was to receive reasonable compensation for services rendered; that such services were reasonably worth the sum of $860; and that she had been paid nothing. The sole complaint on this appeal is of one instruction given upon this controversy. In that instruction, the court rightly charged that defendants had the burden of proving said affirmative defense. But the jury was told that, if defendants did prove there was an agreement with the wives of the parties to devote their time and attention to the interests of said business without compensation, they should have the verdict if they proved further "that, in pursuance of said understanding, the plaintiff performed some duties on a few occasions during the continuance of said partnership relation under the arrangement and agreement above referred to;" that, if it be proved plaintiff performed some duties on a few occasions during the continuance of the partnership relation, and that she did this under said arrangement and agreement, "then the plaintiff will be bound by such agreement, and will not be entitled to compensation for her services rendered in pursuance of said agreement." The only way of giving effect to all that was charged is to hold there was a direction that defend-

ants should not prevail, unless they established: First, that there was an arrangement for gratuitous service; second, that the services claimed for by plaintiff were rendered under that understanding; third, that these services consisted of the performance of "some duties on a few occasions." The court had told the jury that defendants were liable unless they proved the agreement they pleaded, and proved that the services rendered by plaintiff were performed under the agreement. There was no occasion for adding that defendants must further prove that the services under said agreement consisted of doing "some duties on a few occasions," unless it was intended to charge that it was not sufficient to prove the contract and that whatever services were given were pursuant to that contract, but that defendants could not have the verdict unless they proved that these services were of little value—consisted of nothing but performing "some duties on a few occasions." If the services were of no value, they could not be recovered for, though there was no agreement that they should be rendered gratuitously. If they were of value, plaintiff was entitled to be paid that value, unless it was established that she had contracted not to make a charge therefor. The only possible way of making all of the instruction effective, then, is to construe it into a charge that, even if there was an agreement that the services should be without pay, and though whatever was done was done under this agreement, still, plaintiff was entitled to recover, unless defendants established that the services were of trifling value. If it was proved that the services rendered were performed under such an agreement as defendants pleaded, it is immaterial that, instead of being of trifling value, such services were of substantial value. No services under said contract could be recovered for, no matter how valuable. The very object of the alleged contract must have been that valuable services should be given

without compensation. In our opinion, the instruction was misleading, and enabled the jury to return a verdict for the plaintiff if it found that the service of plaintiff was more than the performance of some duties on a few occasions, even if it also found that the alleged contract was made, and all services claimed for rendered thereunder.— *Reversed and remanded.*

LADD, C. J., EVANS and PRESTON, JJ., concur.